**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27257-BLOOM**

MIGUEL ANGEL GONZALEZ DIAZ,

Petitioner,

v.

GARRETT RIPA, *et al.*,

Respondents.
_______________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Miguel Angel Gonzalez Diaz's ("Petitioner") Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order and/or Stay of Removal ("Petition"), ECF No. [1], filed on October 15, 2026. Petitioner states that on the same day the Petition was filed, he was in Immigration and Customs Enforcement ("ICE") custody aboard an aircraft bound for Venezuela. *Id.* at 2. Petitioner challenges his removal as unlawful because the Board of Immigration Appeals ("BIA") reopened his removal proceedings and his Order of Removal is no longer final. *Id.* Petitioner argues any attempt to remove Petitioner is an *ultra vires*, unlawful action that violates the Immigration and Nationality Act ("INA") and Petitioner's due process rights. *Id.*

The Petition raises two claims: Count I asserts that an *ultra vires* execution of removal violates the INA; and Count II asserts that removal violates his Fifth Amendment procedural due process rights. *Id.* at 4. The Petition requested an immediate temporary restraining order enjoining Respondents from removing Petitioner from the United States, ordering Petitioner to be removed from the aircraft, and enjoining Petitioner's removal pending the final administrative conclusion

of his reopened removal proceedings. *Id.* at 5.

The Court issued an Order to Show Cause and ordered that Respondents not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. ECF No. [6]. The Court ordered expedited briefing on Petitioner's Emergency Motion. ECF No. [7]. Respondents timely responded, stating Respondents will abide by the Court's order not to remove Petitioner from the Southern District. ECF No. [8]. Based on Respondents stating they will not remove Petitioner from this District, the Court denied the Emergency Motion as moot. *See* ECF No. [9].

Respondents responded to the Court's Order to Show Cause as to why the Petition should not be granted. ECF No. [10]. Respondents agree that the BIA reopened Petitioner's removal proceedings and, absent an order of removal, Petitioner should not be removed from the United States. *Id.* Accordingly, Respondents state that there is no need for the Court to enjoin Respondents from executing Petitioner's removal from the United States, and the Petition should be dismissed as moot. *Id.* Petitioner did not file a Reply.

Where Petitioner was not removed the day the Petition was filed and Respondents acknowledge that Petitioner should not be removed from the United States absent a final order of removal, there is no outstanding request for relief in the Petition. As such, the Petition is moot. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness . . . simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **DENIED as moot**.
2. The Clerk of Court shall **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record